**Charles LING, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY CO. et al., Defendants.**

**Civ. No. C 77–45.**

United States District Court, N. D. Ohio, W. D.

Sept. 5, 1979.

Harland M. Britz, Toledo, Ohio, for plaintiff.

Harold A. Ross, Ross & Kraushaar Co., L.P.A., Cleveland, Ohio, Ronald S. Moening, Toledo, Ohio, for defendants.

MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

The complaint filed herein pursuant to 45 U.S.C. § 151 *et seq.* alleges that defendant Norfolk & Western Railway Company (hereafter N & W) breached the collective

bargaining agreement (Master Agreement effective April 1, 1973) with defendant Brotherhood of Railway, Airline and Steamship Clerks, Freighthandlers, Express and Station Employees (hereafter BRAC), through unjust treatment of plaintiff. Such alleged unjust treatment, claimed to be the culmination of a course of harassment on the part of plaintiff's supervisor, arose when N & W abolished a regular position of employment and added the duties of the abolished position to the position which plaintiff had held, without proper notice under Rule 20 of the collective bargaining agreement. The complaint additionally alleges that such action also violated a memorandum agreement between N & W and BRAC made on April 7, 1965, for the protection of employees affected by a carrier merger, in that plaintiff was placed in a worse position with regard to working conditions without proper notice under said memorandum agreement. The complaint further alleges that defendant BRAC did not fulfill its responsibility to fairly represent plaintiff, in that an officer and agent of BRAC gave plaintiff poor advice, and, in that BRAC improperly prosecuted a grievance for plaintiff.

This cause is now before the Court upon motion of defendant N & W for summary judgment and upon motion of defendant BRAC to dismiss, or in the alternative for summary judgment. Plaintiff has opposed both motions and defendant N & W has replied to plaintiff's opposition to its summary judgment motion.

It is not disputed that prior to April, 1974, plaintiff held the position of Chief Clerk to the Assistant Superintendent at N & W's Toledo Terminal. At all material times, plaintiff was a member of BRAC and continues to hold membership therein.

On April 8, 1974, defendant N & W issued a bulletin stating that effective April 16, 1974, the position of Chief Clerk at the Terminal Trainmaster Office, Toledo, Ohio was being abolished.[1] (N & W s. j. mo. ex.

A). On or about April 8, 1974, defendant N & W, by way of notice through plaintiff's supervisor, D. N. Zureich, informed plaintiff that effective April 17, 1974, the position of Chief Clerk to the Terminal Trainmaster at Toledo would be abolished and that the duties of that position would be added to plaintiff's position of Chief Clerk to the Assistant Superintendent. (Walker aff. ex. 6). Upon receipt of such notice, plaintiff contacted Mr. Rodney White, an N & W official, and Mr. John T. Walker, an officer with BRAC, for guidance and assistance. (Walker aff. §§ 6 and 7, ex. 8). On or about April 16, 1974, plaintiff notified N & W that he desired to exercise his seniority rights to another position, that of General Clerk, in Accordance with Rule 16 of the collective bargaining agreement. (Walker aff. ex. 10.) Rule 16 of the N & W-BRAC agreement provides that an employee may displace to another position if the duties of his job are changed. Plaintiff's request for displacement was granted by N & W, effective April 18, 1974, whereupon plaintiff assumed a position which entailed lower pay and fewer duties than his former position had carried. (Walker aff. ex. 11; complaint § 5).

On May 22, 1974, BRAC, through its agent J. T. Walker, filed a claim of unjust treatment on plaintiff's account, seeking penalty pay reimbursement, restoration to his prior position, and in the absence of the former, a hearing pursuant to Rule 28 of the collective bargaining agreement. (Walker aff. ex. 15). N & W denied plaintiff's May 22, 1974 claim asserting that no contract violation had occurred since the position of Chief Clerk to the Trainmaster in Toledo was properly abolished on April 17, 1974 by notice dated April 8, 1974, all in accordance with the provisions of Rule 20 of the collective bargaining agreement, and that the remaining duties were properly assigned to the position of Chief Clerk to the Assistant Superintendent. (Walker aff. ex. 16). Defendant N & W further stated

---

1. The abolishment bulletin was corrected on April 9, 1974, changing the date of abolition of the Chief Clerk position to the Terminal Train- master Office to April 17, 1974 (N & W s. j. mo. ex. B; Walker aff.).

that no provisions of the April 7, 1965 agreement were violated and noted that in no event was plaintiff entitled to a Rule 28 hearing since he had voluntarily opted to exercise his seniority rights to another position under the provisions of Rule 16, and Rule 28 applied to "an employee who considers himself unjustly treated, otherwise than covered by these rules." (Walker aff. ex. 16).

In addition to the May 22, 1974 claim filed by defendant BRAC, plaintiff also filed two claims with N & W and personally contacted the office of N & W's president, on numerous occasions, with respect to his grievances. (Walker aff. ex. 17, 19, 24–26). Defendant BRAC continued to represent plaintiff up until early 1975 when both claims were withdrawn. (Walker aff. § 21; ex. 19, 20, 27, 29, 33, 35).[2] BRAC withdrew plaintiff's May 22, 1974 claim upon learning that the duties of the position of Chief Clerk to the Trainmaster had not been transferred and consolidated with the duties of the Chief Clerk to the Assistant Superintendent, for this rendered the issue moot. (Walker aff. § 25; ex. 33). Upon plaintiff's alleged request, defendant BRAC also withdrew plaintiff's remaining claim which was pending before N & W. (Walker aff. § 27; ex. 35). In April, 1975, however, plaintiff again began seeking a Rule 28 hearing, chose to represent himself, and eventually pursued an appeal through the union appellate procedures, although unsuccessfully, up to and including the executive counsel of the International Union. (Walker aff. § 33; ex. 36–40).

Considering first N & W's motion for summary judgment, it is the position of N & W that contrary to plaintiff's claim, Rule 20 of the Master Agreement was never violated and that Rule 28 does not apply to plaintiff since he voluntarily exercised displacement under Rule 16 of that agreement. N & W further claims that the instant dispute is one over the application and provisions of the collective bargaining agreement and being a minor dispute within the meaning of the Railway Labor Act, plaintiff has a mandatory duty to pursue his remedies under that Act, which he has not done. In opposing N & W's motion, plaintiff concedes that ordinarily, the position of the N & W would be correct and that the National Railroad Adjustment Board (hereafter NRAB) would be the proper tribunal for such a dispute between an employee and a carrier. Plaintiff asserts, however, that in this situation, where he seeks to maintain an action against the carrier as well as the union, he need not resort to the NRAB since he can only obtain complete relief in a United States District Court. This Court is not persuaded, as plaintiff would have it be, that merely because plaintiff seeks redress from both N & W and BRAC, he can side-step his Railway Labor Act remedies as provided in 45 U.S.C. § 153.

In opposing N & W's summary judgment motion, plaintiff infers that N & W and BRAC "ganged up" on him. (Pl. op. to N & W's s. j. mo. p. 3). This Court does not find, however, that such an inference, without any supporting evidence or even a straight-forward allegation, presents a situation where the Court could consider that the named defendants contrived or acted in concert against plaintiff so as to find that judicial review herein might not be barred. See Glover v. St. Louis-San Francisco Railway Company, et al., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). This Court finds that jurisdiction of this dispute lies with the NRAB.

Defendant BRAC has moved for dismissal of this action, and in the alternative, for summary judgment. As a basis for the motion to dismiss, BRAC claims that the Court lacks jurisdiction over the subject matter since exclusive jurisdiction lies with the NRAB, and since plaintiff has failed to state a claim for which relief may be granted. As a basis for the summary judgment motion, BRAC claims that there was no breach of duty of fair representation, that plaintiff's claim is barred by the statute of limitations, and that the plaintiff's contractual claim is without merit.

---

**2.** On May 20, 1974, plaintiff personally filed a claim for protective allowances due to his being adversely affected by the merger of the Nickle Plate Railroad and the N & W. (Walker aff. ex. 13). Such claim was denied and apparently never processed further. (Walker aff. § 13).

■ Considering first the motion to dismiss, this Court does not find that since jurisdiction of the dispute between N & W and plaintiff lies with the NRAB, the Court lacks jurisdiction over defendant BRAC in this matter. Furthermore, the Court does not find that plaintiff has failed to state a claim for which relief may be granted.

Considering BRAC's summary judgment motion, the Court does not find its claims as to the statute of limitations and the actual merit of plaintiff's contractual claims to be well taken. As to BRAC's contention that no breach of fair representation occurred, this Court notes that factual disputes exist between the parties and that it cannot find that BRAC is entitled to judgment as a matter of law.

THEREFORE, for the reasons stated herein, good cause appearing, it is

ORDERED that the motion of defendant N & W for summary judgment be, and it hereby is, SUSTAINED, and the clerk shall enter judgment in accordance herewith; and it is

FURTHER ORDERED that the motion of defendant BRAC to dismiss, or in the alternative for summary judgment be, and it hereby is, OVERRULED.

IT IS SO ORDERED.